UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON CRYER<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, *et al.*,<br><br>        Defendant. | Civ. A. No. 22-0041 (ACR) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, National Archives and Records Administration (NARA) and the Department of Justice ("Defendants"), by and through undersigned counsel, hereby responds to the Amended Complaint of Plaintiff Jon Cryer ("Plaintiff"). Defendants expressly deny all of the allegations in the Amended Complaint that are not specifically admitted or otherwise qualified in this Answer. Merely for ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied. Defendants respond to the Complaint in like numbered paragraphs as follows:

## JURISDICTION

1. The allegations in this paragraph contain conclusions of law concerning jurisdiction to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction to hear Plaintiff's claims.

## VENUE

2. The allegations in this paragraph contain conclusions of law concerning venue to which no response is required. To the extent a response is required, Defendants admit that venue is proper before the U.S. District Court for the District of Columbia.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the first three sentences in this paragraph. The last sentence of this paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required to the last sentence of this paragraph, Defendants deny all allegations therein.

4. Defendants admit that NARA is an agency of the federal government. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

5. Defendants admit that the DOJ is an agency of the federal government. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

## FACTUAL BACKGROUND

6. The allegations of this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is deemed

required, Defendants lack knowledge or information sufficient to firm a belief as to the truth of the allegations in this paragraph.

7. The allegations of this paragraph do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to firm a belief as to the truth of the allegations in this paragraph.

## COUNT ONE (NARA)

8. Defendants incorporate their responses to paragraphs 6 and 7 above as if set forth fully herein.

9. The allegations in this paragraph describe a FOIA request submitted to the Federal Bureau of Investigation and do not set forth a claim for relief or aver facts in support of a claim for relief to which a response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Defendants admit only that NARA received a FOIA request from Plaintiff's counsel and that Plaintiff correctly cites certain portions of correspondence related to the FOIA request. Defendants aver, however, that the FOIA request and the correspondence are the best evidence of their contents, and respectfully refer the Court to the FOIA request and correspondence for a full and accurate statement of their contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

11. Defendants admit only that via email dated December 15, 2021, NARA corresponded with Plaintiff's counsel regarding the FOIA request. Defendants aver, however, that the correspondence is the best evidence of its contents and respectfully refer the Court to the

correspondence for a full and accurate statement of its contents. Further, Defendants deny any allegation that is inconsistent with the full text of the correspondence.

12.     Defendants admit only that via email Dated December 15, 2021, NARA corresponded with Plaintiff's counsel regarding the FOIA request. Defendants aver, however, that the email and NARA's response is the best evidence of its content and respectfully refer the Court to this correspondence for a full and accurate statement of its content. Further, Defendants deny any allegation that is inconsistent with the full text of the correspondence.

13.     Defendants admit only that NARA corresponded with Plaintiff's counsel regarding the FOIA request. Defendants aver, however, that the correspondence is the best evidence of its contents and respectfully refer the Court to the correspondence for a full and accurate statement of its contents. Further, Defendants deny any allegation that is inconsistent with the full text of the correspondence.

14.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

15.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT TWO (DOJ/FBI)**

16.     Defendants repeat and reallege their answers to paragraphs 6 and 7 above, inclusive.

17.     Defendants repeat and reallege their answer to paragraph 9 above, inclusive.

18.     Defendants admit only that Plaintiff, through counsel, filed an administrative appeal of the Federal Bureau of Investigation's ("FBI") searches for responsive records. The remaining allegation of this paragraph consists of legal conclusions to which no response required.

19. Admitted.

20. Defendants admit only that via letter dated June 27, 2022, the DOJ's Office of Information Policy corresponded with Plaintiff's counsel regarding the FOIA request. Defendants aver, however, that the letter is the best evidence of its contents and respectfully refer the Court to the letter for a full and accurate statement of its contents. Further, Defendants deny any allegation that is inconsistent with the full text of the correspondence.

21. Defendants admit only that via letter dated September 20, 2022, the FBI corresponded with Plaintiff's counsel regarding the FOIA request. Defendants aver, however, that the letter is the best evidence of its contents and respectfully refer the Court to the letter for a full and accurate statement of its contents. Further, Defendants deny any allegation that is inconsistent with the full text of the correspondence.

22. Defendants admit only that government counsel received an e-mail from Plaintiff's, and that Plaintiff correctly cites certain portions of the e-mail related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its content. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

23. Defendants admit only that government counsel sent Plaintiff's counsel an e-mail, and that Plaintiff correctly cites certain portions of the e-mail related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

24. Defendants admit only that FBI representatives sent Plaintiff's counsel an e-mail, and that Plaintiff correctly cites certain portions of the e-mail related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

25. Defendants admit only that Plaintiff correctly cites certain portions of an e-mail sent to Plaintiff and related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

26. Defendants admit only that Plaintiff's counsel e-mailed FBI representatives, and that Plaintiff correctly cites certain portions of the e-mail related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

27. Defendants admit only that FBI representatives corresponded with Plaintiff's counsel, and that Plaintiff correctly cites certain portions of the correspondence related to the FOIA request. Defendants aver, however, that the correspondence is the best evidence of their contents, and respectfully refer the Court to the correspondence for a full and accurate statement of their content. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced documents, such allegation is denied.

28.     Defendants admit only that Plaintiff correctly cites certain portions of the e-mail related to the FOIA request. Defendants aver, however, that the e-mail is the best evidence of its contents, and respectfully refer the Court to the e-mail for a full and accurate statement of its contents. To the extent any allegation in this paragraph is inconsistent with the full text of the referenced document, such allegation is denied.

29.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, denied.

30.     This paragraph consists of conclusions of law to which no response is required.

The remaining paragraphs of the Complaint, numbered 1 through 4, consist of Plaintiff's request for relief that requires no response. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants allege the following defenses to claims asserted in the Complaint. In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more FOIA exemptions or exclusions.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs under 5 U.S.C. § 552(a)(4)(A)(iii).

Dated: December X, 2023
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:          /s/*Fithawi Berhane*
       FITHAWI BERHANE
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202 252-6653
       Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*